UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-02027-SB-RAO | Date: | 7/1/2021 |
|---|---|---|---|

| Title: | *Orlando Garcia v. KHP III Goleta, LLC, et al* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER REMANDING CASE

Plaintiff Orlando Garcia filed a notice indicating that he had "[d]ropped the the only federal cause of action, i.e., the cause of action under the Americans with Disabilities Act." Dkt. No. 22. Given the "absence of any federal cause of action in the operative complaint," the Court ordered Defendant KHP III Goleta, LLC to show cause "why this matter should not be remanded to state court." Dkt. No. 33. Both parties filed a response. Dkt. Nos. 34 (Def. Response), 35 (Pltf. Response).

"The Court possesses the 'inherent authority' to decline to exercise supplemental jurisdiction whenever all claims over which it has original jurisdiction have been dismissed from the case." *Consuelo Griego v. Tehama L. Grp., P.C.*, No. 20-CV-02441-LHK, 2020 WL 4923967, at *3 (N.D. Cal. Aug. 21, 2020). Both parties concede the question of remand is left to the Court's discretion, and each point to recent decisions in similar circumstances from this district that support their position. Def. Response 2-7; Pltf. Response 2-3. After considering the principles of economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction. State court appears to be an equally convenient forum, and the federal claim was "eliminated at the pleading

phase." *Bay Area Surgical Mgmt., LLC. v. United Healthcare Ins. Co.*, No. C 12-01421 SI, 2012 WL 3235999, at *5 (N.D. Cal. Aug. 6, 2012). There is no indication that Plaintiff has acted in bad faith in dismissing his federal claim. And even where state-law claims may be "informed by principles of federal ADA jurisprudence," it often remains "preferable as a matter of comity (respect for our sister state institutions) for state court judges to apply state law to plaintiff's state-law claims." *Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1120 (N.D. Cal. 2002).

In the end, Defendant fails to provide an argument that overrides the "powerful reason to choose not to continue to exercise jurisdiction" that occurs "[w]hen the single federal-law claim in the action was eliminated at an early stage of the litigation." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).

Thus, this case is **REMANDED**.